# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>JONATHAN VALENTINE,<br><br>        Defendant. | 8:18CR102<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 Motion), ECF No. 47.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## BACKGROUND

Defendant Jonathan Valentine pled guilty to Count I of the Indictment, charging a violation of Title 18 U.S.C. § 1951 ("Hobbs Act" robbery). The Court accepted his guilty plea and the plea agreement which provided for a sentence of 120 months imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). ECF No. 29. In the plea agreement, the Defendant also waived his right of appeal and his right to

pursue relief under 28 U.S.C. § 2255, with limited exceptions including claims of ineffective assistance of counsel.

The Defendant was sentenced on December 10, 2018, to a term of 120 months imprisonment and three years of supervised release. His sentence was substantially below the advisory guideline range of 151 to 188 months incarceration, based upon his Total Offense Level of 29 and Criminal History Category VI. See Sentencing Recommendation, ECF No. 34. Restitution in the amount of $1,256.50 was also imposed, to be paid jointly and severally with co-defendant Edward L. Sherrod. Judgment was entered on December 11, 2018, and an Amended Judgment correcting a clerical error was entered on December 14, 2018. No appeal was filed.[1]

The Defendant's § 2255 Motion is timely and it is his first such motion. In the Motion, he raises four grounds for relief, all based on alleged ineffective assistance of counsel: (1) Failure to file a timely notice of appeal, (2) Failure to file a motion to suppress Defendant's statement to an FBI agent, because Defendant allegedly asked that his attorney be present *before* he signed a Miranda waiver, (3) Failure to challenge the constitutionality of 18 U.S.C. § 1951(a), and (4) Failure to file a motion to suppress Defendant's statement to the FBI agent, because Defendant allegedly requested the appointment of an attorney *after* he signed the Miranda waiver. Because Grounds Two and Four are closely interrelated, they will be addressed together.

---

[1] The Defendant was on supervised release in Case No. 8:09cr380 at the time of the Hobbs Act Robbery. Under oath, he admitted the facts of the robbery at his supervised release violation hearing on December 10, 2018. See Amended Petition for Warrant or Summons for Offender Under Supervision, *id.* at ECF No. 112. He was sentenced to a term of 27 months, consecutive to the term imposed herein. Defendant was notified of his right to appeal, and how to file a notice of appeal, and he signed in acknowledgement of the notice. See *id.* at ECF No. 128. He did not appeal.

**DISCUSSION**

To establish ineffective assistance of counsel, the Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012).

**GROUND ONE: Counsel's Failure to File a Timely Notice of Appeal**

In the Defendant's plea agreement, he waived his right of appeal, with limited exceptions, including a claim of ineffective assistance of counsel. ECF No. 29, Page ID 60-61. At his plea hearing, he acknowledged under oath that he was satisfied with the performance of his counsel, and that he understood he was waiving his right of appeal in his plea agreement.

In the Defendant's "affidavit in support" of his § 2255 Motion, he contends that within fourteen days of his sentencing he wrote a letter to his attorney requesting that she file a notice of appeal. He states the letter was "deemed filed when he handed it

over to prison authorities at Cass County Jail for forwarding to his attorney." ECF No. 48.[2]

From the Defendant's allegations, the Court cannot infer that his attorney received any request to file a notice of appeal within fourteen days of the date of the filing of the Amended Judgment. Accordingly, the Defendant has not shown that, by failing to file a notice of appeal within fourteen days of the date of the Amended Judgment, counsel performed outside the wide range of reasonable professional assistance or made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. Further, because the Defendant's grounds for appeal all concerned allegations of ineffective assistance of counsel, the Court cannot infer that the alleged deficient performance of counsel in failing to file a notice of appeal in any way caused him prejudice. See, *e.g.*, *U.S. v. Spight*, 817 F.3d 1099, 1103 (8th Cir. 2016) ("'[A] claim of ineffective assistance of counsel is generally not a basis for direct appeal and instead should be properly raised in a 28 U.S.C. § 2255 action,'" quoting *United States v. Hernandez*, 310 F.3d 1099, 1105 (8th Cir. 2002)). No exception recognized by the Eighth Circuit to that general rule applies here.[3]

**GROUNDS TWO and FOUR: Counsel's Failure to Move to Suppress Defendant's Statements to FBI**

---

[2] While Federal Rule of Appellate Procedure 4(c)(1) deems a notice of appeal timely filed if deposited in a correctional institution's internal mail system on or before the last day for filing, with certain other conditions, the rule makes no such provision for inmate letters addressed to lawyers. See Houston v. Lack, 487 U.S. 266, 284 (1988) (notice of appeal deemed filed at the time prisoner "delivered it to prison authorities for forwarding to the court clerk").

[3] This Court has not fully developed the record on the Defendant's ineffective assistance of counsel claims, nor is it clear that a plain miscarriage of justice occurred due to the Defendant's claims of ineffective assistance of counsel not being heard on direct appeal. See *Spight*, 817 F.3d at 1103.

In Ground Two of his Motion, the Defendant alleges that he requested his attorney be present when he was questioned by F.B.I. Agent John Hallock on March 20, 2018, *before* he was "forced" to sign a Miranda waiver. In Ground Four, he alleges that *after* he signed the Miranda waiver and questioning began, he requested a lawyer, but his request was denied, and the questioning continued. The Defendant contends that his attorney was ineffective for failing to move to suppress the Defendant's statements made to Agent Hallock.

The only record before the Court on this issue is the prosecutor's version of the offense contained in the Presentence Investigation Report, ECF No. 33, Page ID 75. That narrative indicates that the Defendant was given his Miranda warnings before being questioned by Agent Hallock, because the Defendant was on supervised release and had been ordered to live at the Sienna-Francis house in Omaha, arguably placing him in a custodial environment. After being advised of his Miranda rights, he made admissions of guilt and provided a DNA swab. *Id.*

Because of the limited record, the Court will require the government to respond to Grounds Two and Four.

**GROUND THREE: Counsel's Failure to Challenge the Constitutionality of 18 U.S.C. § 1951(a)**

The Defendant contends that his counsel was ineffective for failing to challenge 18 U.S.C. § 1951(a) as overbroad and void for vagueness. Specifically, he contends that the evidence demonstrated only that the robbery interfered with *intrastate* commerce and not *interstate* commerce.

5

The Indictment alleged that the Defendant unlawfully took currency from an employee of "Baker's" by force, violence, and fear of injury, affecting commerce as defined in 18 U.S.C. § 1951. ECF No. 1. The Defendant admitted to the factual basis in the Plea Agreement, ECF No. 29, which described the robbery of the customer service clerk at "Baker's located at 555 North 90th Street, Omaha, Nebraska." Baker's is a well-known regional grocery chain that sells products manufactured outside the state of Nebraska.

The U.S. Court of Appeals for the Eighth Circuit has addressed similar challenges to the constitutionality of the Hobb's Act, facially and as applied to store robberies, and found them to be without merit. See, *e.g.*, *United States v. Chaplain*, 864 F.3d 853, 858 (8th Cir. 2017) (quoting *United States v. Quigley*, 53 F.3d 909, 910 (8th Cir. 1995) ("When a business that sells goods manufactured outside the state is robbed, interstate commerce is usually sufficiently affected for' Hobbs Act robbery.")). *See also United States v. Einfeldt*, 138 F.3d 373, 379 (8th Cir. 1998) (conviction for Hobbs Act robbery of "food store" not unconstitutional); *United States v. Farmer*, 73 F.3d 836, 843-44 (8th Cir. 1996) (conviction for Hobbs Act robbery of Hy-Vee grocery store not unconstitutional).

At his plea hearing, and in his plea agreement, the Defendant acknowledged that the government would be able to prove beyond a reasonable doubt every element of the offense, including that "[a]s a result of the defendant's actions, interstate commerce or an item moving in interstate commerce, was actually or potentially delayed, obstructed, or affected in any way or degree." ECF No. 29, Page ID 58.

Defendant's counsel did not perform "outside the wide range of reasonable professional assistance" nor make "errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment" when failing to challenge the constitutionality of the Hobbs Act. Any such failure did not prejudice the Defendant, because there is no reasonable probability that the result of the proceeding would have been different, but for counsel's failure to challenge the constitutionality of the Hobbs Act.

## CONCLUSION

With respect to Grounds One and Three of the Defendant's Petition, the Court cannot conclude that the Defendant's counsel's performance was outside the wide range of reasonable professional assistance or that she made any errors, let alone those so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. Nor can the Court conclude that the result of the proceedings would have been different, but for the alleged deficiencies in counsel's performance. Accordingly, Grounds One and Three of the Petition will be summarily dismissed.

With respect to Grounds Two and Four, the government will be required to respond with evidence and argument, or a request for an evidentiary hearing, on or before July 19, 2019.

Accordingly,

IT IS ORDERED:

1. Grounds One and Three of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 47, are summarily denied;

7

2. The government will respond to the Defendant's allegations in Grounds Two and Four of his Motion on or before July 19, 2019; and

3. The Clerk will mail a copy of this Memorandum and Order to Defendant at the Defendant's last known address.

Dated this 19th day of June 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge