# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>JONATHAN VALENTINE,<br><br>  Defendant. | 8:18CR102<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court once again on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 Motion), ECF No. 47. The Court conducted an initial review of the Defendant's Motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings; summarily dismissed Grounds One and Three of the Defendant's Motion; and required the Government to respond to the allegations in Grounds Two and Four, both of which allege the Defendant's counsel was ineffective for failing to file a motion to suppress the Defendant's statements made to law enforcement on March 20, 2018. See Memorandum and Order, ECF No. 49.

The Government has submitted its Response to the Defendant's § 2255 Motion, ECF No. 54, and its Index of Evidence, ECF No. 55, which includes the waiver form signed by the Defendant on March 20, 2018, waiving his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), and a recording of his March 20, 2018, interview. On July 23, 2019, the Court gave the Defendant until August 16, 2019, to reply to the Government's Response, and/or submit any evidence. He has done neither.

**DISCUSSION**

The Court will not repeat the procedural background set out in its earlier Memorandum and Order, ECF No. 49, but incorporates it herein by reference.

The Defendant alleges that he requested his attorney be present when he was questioned by F.B.I. Agent John Hallock on March 20, 2018, before he was "forced" to sign a *Miranda* waiver, and again after he signed the *Miranda* waiver and questioning began. He alleges his requests were denied, and the questioning continued. He contends that his attorney was ineffective for failing to move to suppress the statements made to Agent Hallock.

To establish ineffective assistance of counsel, the Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012).

The record shows that the Defendant was at the Sienna-Francis House in Omaha when interviewed by Agent Hallock on March 20, 2018. See Presentence Investigation Report, ECF No. 33, Page ID 75, ¶ 19. The Court takes judicial notice of the fact that the Sienna-Francis House is Omaha's principal homeless shelter and is not a facility where residents are confined involuntarily. The narrative in the Presentence

Investigation Report indicates that Agent Hallock gave the Defendant *Miranda* warnings because he understood the Defendant was on supervised release and had been "ordered"[1] to live at the Sienna-Francis house in Omaha. Yet there is nothing in the record, or in the Defendant's § 2255 Motion or his Affidavit, ECF No. 48, suggesting that the Defendant was in custody on March 20, 2018, or that the officers conducting the interview at any time threatened to take him into custody. Because the Defendant was not "taken into custody or otherwise deprived of his freedom of action in any significant way" *Miranda*, 384 U.S. at 444, the warning and waiver, ECF No. 55-1, were not mandated.

The recording of the interview of March 20, 2018, also reveals that the Defendant was not threatened or subjected to strong-arm tactics or deception during the interview. See *United States v. Griffin*, 922 F.2d 1343, 1349 (8th Cir. 1990) (listing factors that may indicate whether a person would perceive he is in custody when questioned). Agent Hallock advised the Defendant repeatedly that the Defendant could stop the interview at any time, and that he would not be taken into custody regardless of whether he agreed to be interviewed. The only reference made to an attorney during the 21-minute, 18-second interview was at the 10:26 mark, after the Defendant consented to a cheek-swab for DNA. He stated: "Would I need to have an attorney here?" Agent Hallock responded with an explanation of the investigation procedure and stated at 12:12: "If you want an attorney by all means, sir, you can stop the interview." Again, at 13:23 Agent Hallock stated: "You can stop this interview at any time." The Defendant

---

[1] The record is devoid of any such order, and the Court infers that the Defendant was directed by his probation officer to seek shelter at the Siena-Francis House.

chose to proceed with the interview and provided a confession.  At all times the interview was conversational, relaxed, and respectful.

By failing to file a motion to suppress the Defendant's statements, his lawyer did not act outside the wide range of reasonable professional assistance nor make errors so serious that she failed to function as the kind of counsel guaranteed by the Sixth Amendment.  Nor is there any reasonable probability that the result of the proceeding would have been different, but for counsel's failure to file a motion to suppress.  The Defendant was advised of his *Miranda* rights, and waived them in writing.  He was interviewed in a non-custodial setting and could leave at any time.  His one mention of "an attorney" during the interview was not a request for counsel, but an inquiry as to whether an attorney was needed during the collection of a DNA sample.  He was advised that he could stop the interview at any time, and he expressed a willingness to proceed.  See *United States v. Kelly*, 329 F.3d 624, 630 (8th Cir. 2003) ("[O]nly a clear and unequivocal request for the assistance of counsel may serve to invoke a defendant's right.")

## CONCLUSION

The Court cannot conclude that the Defendant's counsel's performance was outside the wide range of reasonable professional assistance or that she made any errors, let alone those so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment.  Nor can the Court conclude that the result of the proceedings would have been different, but for the alleged deficiencies in counsel's performance.  Accordingly, Grounds Two and Four of the Defendant's § 2255 Motion also will be denied, and a Judgment will be entered accordingly unless on or before

4

September 6, 2019, either party requests an evidentiary hearing and specifies the question or questions of fact to be addressed by the Court at such hearing.

IT IS ORDERED:

1. Unless on or before September 6, 2019, either party files a request for evidentiary hearing, specifying the question or questions of fact such party asks the Court to address at such hearing, Judgment will be entered, denying the Defendant's Motion under 28 U.S.C. § 2255; and

2. The Clerk will mail a copy of this Memorandum and Order to Defendant at the Defendant's last known address.

Dated this 19th day of August 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge