IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR102 |
| vs. | |
| JONATHAN VALENTINE, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the Defendant's second Motion for Compassionate Release, ECF No. 87. The Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), affording him immediate release from custody.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"

Section 3582(c)(1)(A) also provides in pertinent part:

[T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

    (i)    extraordinary and compelling reasons warrant such a reduction;

> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The Defendant's first motion, ECF No. 85, was denied, without prejudice, due to his failure to exhaust administrative remedies. *See* Mem. & Order, ECF No. 86. He has attached to his current Motion a document signed by the Warden of his facility, dated May 22, 2020, denying the Defendant's request for compassionate release. *See* ECF No. 87 at Page ID 367-68. Accordingly, the Court infers that the Defendant has exhausted his administrative remedies and the Court has jurisdiction to consider the Defendant's pending Motion.

The Defendant asserts that he suffers from chronic asthma, diabetes, an abnormal liver, hypertension, and bloody stools. He states that he fears severe medical complications if he were to contract coronavirus while incarcerated. (As of the date of this Memorandum and Order, two inmates and one staff person at the Defendant's correctional institution, the United States Penitentiary at Florence, Colorado, have tested positive for the coronavirus, and three staff members have recovered from an infection. *See* https://www.bop.gov/coronavirus/.)

Accepting the Defendant's factual allegations as true, the Court still cannot conclude that the Defendant has shown extraordinary or compelling reasons for a reduction in his sentence. More important, the factors the Court must consider under 18 U.S.C. § 3553(a) weigh heavily against a reduction in sentence. The Defendant pled guilty to Count I of the Indictment, charging a violation of Title 18 U.S.C. § 1951 ("Hobbs Act" robbery). The Court accepted his guilty plea and the plea agreement which provided

for a sentence of 120 months imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). ECF No. 29. The Defendant was sentenced on December 10, 2018, to a term of 120 months imprisonment and three years of supervised release. His sentence was substantially below the advisory guideline range of 151 to 188 months incarceration, based upon his Total Offense Level of 29 and Criminal History Category VI. A reduction in sentence would be inconsistent with all the factors set out in § 3553(a)(1),[1] (2)(A) through (C),[2] and (6).[3] Accordingly,

IT IS ORDERED:

1. The Defendant's Motion for Compassionate Release, ECF No. 87, is denied; and

2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 3rd day of August 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge

---

[1] "[T]he nature and circumstances of the offense and the history and characteristics of the defendant . . . ."

[2] "[T]he need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant . . . ."

[3] "[T]he need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ."