IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>vs.<br><br>JONATHAN A. VALENTINE,<br><br>                        Defendant. | 8:18-CR-102<br><br>**ORDER** |

      This matter is before the Court on its own motion. On June 13, 2019, Defendant filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 Motion). In his § 2255 Motion, Defendant argued, inter alia, that his sentencing counsel failed to file a notice of appeal as directed. Filing 47. On initial review, the Court summarily denied Defendant's failure to file notice of appeal claim and ordered the Government to respond to several of Defendant's other claims. Filing 49. On September 9, 2019, the Court entered judgment against Defendant on all claims raised in his § 2255 Motion. Filing 64. On December 4, 2020, the United States Court of Appeals for the Eighth Circuit vacated the judgment only as to Defendant's claim that sentencing counsel failed to file a notice of appeal as directed and remanded the case for further proceedings. Filing 100. This matter was transferred to the undersigned judge on December 7, 2020.

      "An attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required." *United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) (citing *Watson v. United States*, 493 F.3d 960, 963–64 (8th Cir. 2007)). "Even if the client waived his right to appeal as part of a plea agreement, prejudice is presumed if the client asked his attorney to file a notice of appeal and the attorney did

not do so." *Id*. However, "[a] bare assertion by the petitioner that he made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014) (internal quotation omitted).

In his § 2255 Motion, Defendant presented affidavit testimony that he directed his sentencing counsel to file a timely notice of appeal. *See* Valentine Aff., Filing 48 at 1. At this stage, there is no evidence in the record to contradict Defendant's assertion. The record must be developed further to make factual determinations about Defendant's credibility. The Court will refer this narrow issue to the Magistrate Judge for appointment of counsel and an evidentiary hearing to assess Defendant's credibility.[1] Accordingly,

IT IS ORDERED:

1. Defendant's claim in his § 2255 Motion relating to failure to file a notice of appeal is referred to the Magistrate Judge to appoint counsel, hold an evidentiary hearing, and submit findings and a recommendation to the Court.

Dated this 7th day of December, 2020.

BY THE COURT:

Brian C. Buescher
United States District Judge

---

[1] Pursuant to Rule 8(b) of the Rules Governing Section 2255 Cases for the United States District Courts, "[a] judge may, under 28 U.S.C. § 636(b), refer the petition to a magistrate judge to conduct hearings and to file proposed findings of fact and recommendations for disposition." Rule 8(c) states that "the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed" if an evidentiary hearing is warranted. Rules Governing Section 2255 Cases for the United States District Courts § 8(c).