IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN A. VALENTINE,<br><br>Defendant. | 8:18-CR-102<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant's Motion for Reconsideration. Filing 103. On August 3, 2020, the Court entered a Memorandum and Order denying Defendant's request for compassionate release. *See* Filing 91. This matter was reassigned to the undersigned judge on December 7, 2020, after the untimely and unexpected death of Senior Judge Laurie Smith Camp. Filing 102. The Court incorporates by reference Judge Smith Camp's previous Memorandum and Order, which includes a summary of Defendant's sentencing history.

Defendant seeks reconsideration of the Court's previous Memorandum and Order. The Court notes the Eighth Circuit has so far declined to "decide whether to import the civil motion for reconsideration standard into the criminal context." *United States v. Luger*, 837 F.3d 870, 875-76 (8th Cir. 2016). Nevertheless, in civil cases, a motion to reconsider serves the limited purposes of correcting manifest factual or legal errors and presenting newly discovered evidence. *Id.*

Defendant apparently argues that his motion for reconsideration should be granted based on newly discovered evidence. Defendant acknowledges that his motion for reconsideration is the same as his prior motion for compassionate release except that his facility—USP Florence—has seen an increase in cases of COVID-19. Defendant submitted a detailed medical history that

includes documentation to support his claims that he is at a higher risk of complications of COVID-19. Filing 103 at 6-14.

Even with this additional evidence, the Court still would not grant compassionate release. As noted in the Court's previous Memorandum and Order, when considering whether compassionate release is appropriate, the Court must consider the sentencing factors set out in 18 U.S.C. § 3553(a), including a defendant's history and characteristics, the need to avoid unwarranted sentencing disparities, protection of the public, promotion of respect for the law, general deterrence, and specific deterrence. The Court has thoroughly reviewed the record—including Defendant's medical evidence—and concludes that a reduction of his sentence would be contrary to the factors the Court must consider under 18 U.S.C. § 3553(a).[1] Defendant's criminal history and the nature of his sentence are unchanged by Defendant's additional evidence. Because the Court finds no material errors in its prior judgment, and for the reasons stated in its previous Memorandum and Order, Filing 91, Defendant's motion is denied.

IT IS ORDERED.

1. Defendant's Motion for Reconsideration. Filing 103, is denied; and
2. The Clerk will mail a copy of this Memorandum and Order to Defendant at his last known address.

---

[1] The specific factors considered by the Court factors include the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a)(1), (2)(A) through (C), and (6).

Dated this 10th day of February, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge