IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN A. VALENTINE,<br><br>Defendant. | 8:18-CR-102<br><br>ORDER DENYING DEFENDANT'S MOTION TO POSTPONE PAYMENT |

This matter is before the Court on Defendant's Motion, Filing 154, captioned a motion to postpone payment. Defendant's Motion is denied.

Defendant is currently incarcerated in a Bureau of Prisons (BOP) facility in Kentucky, serving a ten-year sentence for Hobbs Act robbery. Filing 154; Filing 38. As part of Defendant's sentence, he was ordered to pay restitution to his victim in the amount of $1,256.50. Filing 38 at 6. The Court's[1] Judgment set forth a payment schedule to apply following Defendant's release from prison but noted that any "criminal monetary penalty is due in fill on the date of judgment," and "payment of criminal monetary penalties is due during the period of imprisonment." Filing 38 at 7.

Defendant asks the Court "to delay the restitution payment condition until [he is] able to get a job then start back payments." Filing 154. He asserts his facility has been locked down, he has been unable to work, and his "counselor take[s]" money his family sends him for payment of his obligations pursuant to BOP's Inmate Financial Responsibility Program (IFRP), which Defendant notes he "did sign up for." Defendant contends that it is "not right" he has money taken

---

[1] Judge Laurie Smith Camp was the sentencing judge. This case was reassigned to the undersigned following her untimely passing.

1

out of his account pursuant to the IFRP but does not allege that what the prison is doing violates IFRP guidance or the law.

Per relevant BOP policy, "The Unit Manager is the determining authority when it comes to deciding whether an inmate's IFRP payments are commensurate with his/her ability to pay." BOP Program Statement P5380.08 at 8 (Aug. 15, 2005). Further, Defendant's participation in the program is voluntary. *Id.* at 14. Additionally, the IFRP specifically contemplates the use of "non-institution (community) resources" to satisfy an inmate's obligations. *Id.* at 8.

Defendant provides the Court with no good reason why it should amend its Judgment, and the suitability of his current payment plan under the IFRP is not properly before this Court. Accordingly,

IT IS ORDERED:

1. Defendant's Motion, Filing 154, is denied, and
2. The Clerk of the Court shall mail a copy of this Order to Defendant at his last known address.

Dated this 11th day of May, 2022.

BY THE COURT:

Brian C. Buescher
United States District Judge