IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JONATHAN A. VALENTINE,<br><br>　　　　　　Defendant. | **8:18-CR-102**<br><br>**ORDER ON MOTION FOR RELEASE** |

This matter is before the Court on defendant Jonathan A. Valentine's *pro se* Motion for Release. Filing 161. In his Motion, Valentine asserts that his "conviction[][1] cannot stand" based on his interpretation of the Hobbs Act Robbery statute. Filing 161 at 1. Based on his interpretation, he claims that the "evidence befor[e] the [C]ourt is not sufficient to allow the government to benefit from [his] sham plea deal" and that the Court must grant his Motion and release him from prison. Filing 161 at 10. Because Valentine is attacking the legality of his conviction and imprisonment, as well as requesting immediate release, the Court construes this Motion as a 28 U.S.C. § 2255 habeas petition. *See* 28 U.S.C. § 2255(a).

This is Valentine's third attempt to obtain habeas relief. Filing 47; Filing 136. As the Court told Valentine when dismissing his second habeas petition, he must seek authorization from the Eighth Circuit Court of Appeals before filing a successive habeas petition.[2] Filing 137. Under 28 U.S.C. § 2255, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h); see also 28 U.S.C. § 2244(b)(B) ("A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.").

---

[1] Valentine pleaded guilty to one count of interference with commerce by robbery, in violation of 18 U.S.C. § 1951.
[2] The Eighth Circuit summarily denied a certificate of appealability to Valentine to appeal this prior order. Filing 158.

"Thus, the statute specifically reposes in the Eighth Circuit Court of Appeals the jurisdiction to decide whether leave to file a second or successive petition should be granted . . . .". *Chadwick v. Graves*, 110 F. Supp. 2d 1110, 1114 (N.D. Iowa 2000). When the petitioner has failed to obtain authorization from the Court of Appeals before filing a second or successive habeas petition, the district court lacks jurisdiction to consider the petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (noting that the district court was without jurisdiction to entertain the petitioner's second habeas petition when the petitioner failed to obtain authorization from the court of appeals); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997) (holding that district court correctly determined it lacked jurisdiction to consider a successive habeas petition). Valentine, like his second petition, failed to seek authorization from the Eighth Circuit before filing the current petition. Thus, the Court is without jurisdiction to entertain it. The Court will dismiss the petition without prejudice so that Valentine can seek authorization from the Eighth Circuit pursuant to 28 U.S.C. §§ 2255(h), 2244(b)(3)(A). Accordingly,

IT IS ORDERED that Jonathan A. Valentine's Motion for Release, Filing 161, construed as a § 2255 habeas petition, is dismissed without prejudice.

Dated this 1st day of March, 2023.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge