IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18–CR–102 |
| vs. | ORDER REGARDING FILINGS 171, 173, 174, AND 176 |
| JONATHAN A. VALENTINE, | |
| Defendant. | |

This matter is before the Court on several *pro se* submissions filed by Defendant Jonathan A. Valentine in relatively quick succession, as well as a Motion to Withdraw filed by Federal Public Defender, Mr. David R. Stickman. *See* Filing 171; Filing 173; Filing 174; Filing 176. Valentine's *pro se* motions raise two issues: (1) whether he is entitled to a sentence reduction pursuant to the 2023 U.S. Sentencing guideline amendments providing for retroactive application of Amendment 821, and (2) whether he should be granted "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, the Court concludes that Valentine is not entitled to a sentence reduction under Amendment 821, that Mr. Stickman's Motion to Withdraw should be granted, and that Valentine's request for compassionate release should be denied. The Court will first address Valentine's request for a sentence reduction pursuant to Amendment 821, and then turn to his Motion for Compassionate Release.

    **I.**    **VALENTINE'S REQUEST PURSUANT TO AMENDMENT 821**

After one of Valentine's *pro se* filings requested a sentence reduction pursuant to the 2023 U.S. Sentencing Guidelines amendments providing for retroactive application of Amendment 821, Filing 174 at 1, the Office of the Federal Public Defender was appointed to represent him. Filing 175. This appointment was made in accordance with General Order No. 2023-09 to determine whether he qualified "for relief pursuant to either the 2023 U.S. Sentencing Guidelines

1

amendments of U.S.S.G. § 1B1.13 or U.S.S.G. § 1B1.10[.]" Filing 175 at 1. However, this appointment of counsel did not extend to the other issues the Defendant raised. *See generally* Filing 175. Mr. David R. Stickman, the Federal Public Defender, subsequently moved to withdraw because "the Defendant is a career offender and therefore no relief is allowed under Amendment 821." Filing 176 at 1. The United States Probation Office also submitted a worksheet in this case stating that Valentine is not entitled to a sentencing reduction pursuant to Amendment 821. Filing 177 at 1. The Court agrees. For the reasons he set forth in his Motion, the Court will grant Mr. Stickman's Motion to Withdraw. The Court will also deny Valentine's *pro se* Motion, Filing 174, to the extent he seeks a sentence reduction based on retroactive application of Amendment 821.

## II. VALENTINE'S REQUEST FOR COMPASSIONATE RELEASE

The Court will now address the other matters Valentine has raised throughout his various filings. *See generally* Filing 171; Filing 173; Filing 174. The Defendant describes his first *pro se* submission as a "Petition for Compassionate Release." Filing 171 at 1. The Defendant describes his second *pro se* submission as a "Petition to Amend the following Papers, Documents to the 3582 Petition to this Court's Compassionate release." Filing 173 at 1. This submission is 58 pages in length and consists of many different documents related to Valentine's teenage son, Valentine's physical health, a letter from the United States Probation Office, correspondence from Valentine's carceral facility related to his administrative request for compassionate release, two character letters authored on behalf of Valentine by fellow prisoners, as well as a proposed release plan and written apology authored by Valentine. *See generally* Filing 173. The third and final submission included Valentine's request for a sentence reduction under Amendment 821, but it also references matters and makes arguments germane to his compassionate release motion. *See e.g.*, Filing 174 at 4. Although Valentine has submitted several different filings, they ultimately relate to a singular

2

issue: whether he is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the following reasons, the Court concludes that he is not.

### A. Background

On or about July 20, 2017, Valentine entered a supermarket in Omaha, Nebraska, wearing black nylons over his face, displayed a toy gun to a customer service clerk, and ordered the clerk to put money in a plastic grocery bag. Filing 28 at 7; Filing 29 at 2; Filing 33 at 8-9. In accordance with a Rule 11(c)(1)(C) plea agreement, Valentine pleaded guilty to one count alleging Hobbs Act Robbery in violation of 18 U.S.C. § 1951. Filing 1; Filing 29. Valentine's plea agreement provided that he would receive a sentence of 120 months imprisonment. Filing 29 at 3. On December 11, 2018, Judge Laurie Smith Camp accepted Valentine's plea agreement and sentenced him in accordance with its terms. Filing 36 at 1–2.[1] Valentine now seeks relief pursuant to 18 U.S.C. § 3582(c)(1)(A) (*i.e.*, compassionate release). Filing 171 at 1. In support of this request, he states that his teenage son's mother passed away in September of 2023, leaving Valentine as the only parent to care for him. Filing 171 at 1. Valentine also cites a number of health conditions he claims to be suffering from and notes several programs he has participated in while incarcerated. *See* Filing 171 at 2.[2]

### B. Applicable Standards

In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to empower courts to reduce a prisoner's term of imprisonment upon a prisoner's motion. *See* 18 U.S.C. § 3582(c)(1). Under the plain terms of the statute, prisoners may bring motions for

---

[1] Judge Smith Camp unexpectedly passed away in September of 2020. Valentine's case was reassigned to the undersigned on December 7, 2020. Filing 102.

[2] For privacy reasons, the Court declines to repeat the details Valentine has described relating to his minor son and Valentine's health conditions. However, the Court has considered these details in resolving the matter he has brought before the Court.

compassionate release on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (alteration in original) (citing 18 U.S.C. § 3582(c)(1)(A)). Pursuant to this statute,

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

It is the prisoner's burden to establish an entitlement to compassionate release. *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022). "[T]he district court is not required to investigate possible avenues for relief or to develop the record in support of a [compassionate-release] motion." *Id.* Nor must a district court "make a specific rejoinder to every circumstance cited in support of a reduction." *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020). Furthermore, because district courts have "broad discretion" when considering whether the 18 U.S.C. § 3553(a) sentencing factors warrant compassionate release, a district court does not abuse its discretion simply because "other district courts may have granted compassionate release for defendants with similar backgrounds." *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021). Finally, the Eighth Circuit Court of Appeals has cautioned that "[t]he compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy." *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022).

4

**C. Discussion**

Having reviewed the record in this case and after considering the arguments and materials Valentine has submitted in this matter as well as the factors set forth in 18 U.S.C. § 3553(a),[3] the Court concludes that Valentine has not met his burden to show he is entitled to relief under § 3582(c)(1)(A). *See Avalos Banderas*, 39 F.4th at 1062 ("the inmate bears the burden to establish that compassionate release is warranted"). Assuming solely for the sake of argument that Valentine had demonstrated what could qualify as extraordinary and compelling circumstances that might make him eligible for the relief he seeks under 18 U.S.C. § 3582(c)(1)(A)(i), the Court would still deny his Motion because the relevant § 3553(a) factors militate strongly against early release. *See United States v. Rodd*, 966 F.3d 740, 747-48 (8th Cir. 2020) (upholding the denial of compassionate release where the district court assumed that the defendant had presented extraordinary and compelling reasons, but then denied the defendant's motion because the § 3553(a) factors weighed against granting release).

Valentine is a career offender and has only completed a little over half of his ten-year sentence he is serving for Hobbs Act Robbery.[4] In fact, his guideline custody range provided for a sentence between 151 and 188 months, and his Rule 11(c)(1)(C) plea agreement afforded him a

---

[3] These factors include the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a)(1), (2)(A)–(C), (6).

[4] The Court notes that Valentine is a career offender because his commission of Hobbs Act Robbery was determined to be a violent offense. After Valentine was convicted and sentenced, the United States Supreme Court decided *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2002), which held "that attempted Hobbs Act robbery is not a crime of violence[.]" *United States v. Moore*, No. 22-1899, 2022 WL 4361998, at *1 (8th Cir. Sept. 21, 2022) (articulating the Supreme Court's holding in *Taylor*). However, Valentine did not plead guilty to "attempted" Hobbs Act Robbery; he pleaded guilty to the completed offense. *See* Filing 1 at 1; Filing 29 at 1–3; Filing 36 at 1. The Eighth Circuit has said that consistent with *Taylor*, completed Hobbs Act Robbery is still a crime of violence. *Moore*, 2022 WL 4361998, at *1; *see also Pratcher v. United States*, 660 F. Supp. 3d 786, 789 (E.D. Mo. 2023), *appeal dismissed*, No. 23-1449, 2023 WL 5747480 (8th Cir. Apr. 17, 2023).

significant benefit by capping his confinement at 120 months' imprisonment. *See also* Filing 173 at 50–51.[5] *See United States v. Cruz*, No. 20-50008-03-JLV, 2023 WL 2214511, at *5 (D.S.D. Feb. 24, 2023) (reasoning that the defendant's sentence at the bottom of his guideline custody range and the fact he had only served a small portion of his sentence counseled against granting relief pursuant to 18 U.S.C. § 3582(c)(1)(A)). Valentine's other criminal history includes—among a myriad of other things—two federal convictions for possession with intent to distribute cocaine base as well as two state court assault convictions. *See* Filing 33 at 10–21. Given Valentine's criminal history and the nature of Valentine's robbery conviction, releasing him at this stage would neither promote respect for the law, reflect the seriousness of the offense for which he is serving his prison sentence, or provide just punishment for it. 18 U.S.C. § 3553(a)(2)(A). Nor would doing so afford adequate deterrence to criminal conduct or provide reasonable protection to the public from Valentine. 18 U.S.C. § 3553(a)(2)(B)–(C). After collectively considering and weighing all relevant factors under 18 U.S.C. § 3553(a), the Court concludes that compassionate release would be highly inappropriate in this instance.

### III. CONCLUSION

For the forgoing reasons, the Court concludes that Valentine is not entitled to any of the relief he seeks in his various filings. Accordingly,

IT IS ORDERED:

1. Federal Public Defender David R. Stickman's Motion to Withdraw, Filing 176 is granted;

2. To the extent Valentine seeks a sentence reduction pursuant to Amendment 821 in Filing 174, his motion is denied;

---

[5] In one of his submissions, Valentine briefly takes issue with how his sentencing guidelines were calculated. *See* Filing 174 at 5; Filing 173 at 50–51. The Court has considered his argument and concludes that he is entitled to no relief on this basis.

3. To the extent Valentine seeks compassionate release in Filing 171, Filing 173, and Filing 174, his request is denied as is his request to appoint counsel for purposes of seeking compassionate release.

Dated this 5th day of April, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge