IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN A. VALENTINE,<br><br>Defendant. | 8:18–CR–102<br><br>**ORDER DENYING "PETITION FOR RECONSIDERATION"** |

On April 5, 2024, this Court issued an Order addressing several *pro se* submissions filed by Defendant Jonathan A. Valentine, as well as a Motion to Withdraw filed by his Federal Public Defender in relation to whether Valentine was entitled to a sentence reduction pursuant to Amendment 821 of the United States Sentencing Guidelines. Filing 178. In that Order, the Court granted Valentine's counsel leave to withdraw because Valentine was not eligible for relief under Amendment 821. Filing 178 at 1–2. The Court also denied all other relief Valentine requested in his other *pro se* submissions, including his request for compassionate release. Filing 178 at 2–7. After receiving the Court's Order, Valentine filed a *pro se* document that he captioned, "Petition for Reconsideration." Filing 179. In that document, Valentine also stated, "On the alternative Petitioner give[s] notice of appeal as established in Appellate Rule 3 and 4 seeking further leave for in forma pauperis where good cause exists. . . ." Filing 179 at 1. Under any standard of review, Valentine's request for reconsideration lacks all merit and will be denied.[1] Moreover, his request

---

[1] *See United States v. Wetsch*, No. 12-CR-0045 SRN/JJG, 2013 WL 317545, at *2 (D. Minn. Jan. 28, 2013) (declining to identify a standard of review that applied to a particular motion for reconsideration in a criminal case because "it would deny the motion under any standard of review"); *United States v. Williams*, No. CR 18-40134, 2023 WL 7020414, at *1 (D.S.D. Oct. 25, 2023) (denying a motion for reconsideration of an order denying compassionate release without articulating a specific standard of review).

1

is untimely, no good cause or excusable neglect for its untimeliness has been shown, and the Court

will not alternatively construe his submission as a notice of appeal. *See* Fed. R. App. P. 4(b).

First, although Valentine requests a host of relief in the final paragraphs of his "Petition for

Reconsideration," Filing 179 at 5–6, the substance of his submission takes issue with the portion

of the Court's prior Order denying compassionate release. *See generally* Filing 179. Specifically,

Valentine claims that the Court "overlooked an essential fact" because, in his view, U.S.S.G. §

1B1.13 permits compassionate release in his circumstances. Filing 179 at 1. Valentine fails to

recognize the Court's original Order explained that even if the Court were to assume "for the sake

of argument that Valentine had demonstrated what could qualify as extraordinary and compelling

circumstances that might make him eligible for the relief he seeks under 18 U.S.C. §

3582(c)(1)(A)(i), the Court would still deny his Motion because the relevant § 3553(a) factors

militate strongly against early release." Filing 178 at 5 (citing *United States v. Rodd*, 966 F.3d 740,

747-48 (8th Cir. 2020)). Thus, the Court's resolution of the motion did not turn on whether

compassionate release was available; the Court instead accepted that premise for the limited

purpose of issuing its ruling and then explained why it would make no difference because the

relevant factors under 18 U.S.C. § 3553(a) did not support release anyway. Valentine's "Petition

for Reconsideration" is therefore without basis.

Second, to the extent Valentine contends that the Court previously failed to account for

other pertinent factors set forth in 18 U.S.C. § 3553(a), he is incorrect. *See* Filing 179 at 3. Indeed,

the Court's prior Order explicitly stated that the Court had considered the factors set forth in 18

U.S.C. § 3553(a), including the nature and circumstances of the offense, the history and

characteristics of the defendant, the need to avoid unwarranted sentencing disparities among

defendants with similar records who have been found guilty of similar conduct, and the need for

the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the conduct at issue, to afford adequate deterrence, and to protect the public. Filing 178 at 5. After doing so, the Court then noted that "Valentine is a career offender and has only completed a little over half of his ten-year sentence he is serving for Hobbs Act Robbery." Filing 178 at 5. While these facts certainly weighed on the Court's decision to deny compassionate release, they were not the only factors this Court considered. To the contrary, the final sentence of the Court's original order plainly stated that it had "collectively consider[ed] and weigh[ed] all relevant factors under 18 U.S.C. § 3553(a)[.]" Filing 178 at 6. Valentine may have preferred for this Court to place greater emphasis on some factors over others; but that is not a basis for reconsideration. *Cf. United States Perry*, 2 F.4th 1146, 1150 (8th Cir. 2021) ("Although [the defendant] would have liked the district court to weigh the factors differently, that does not mean the district court abused its discretion"); *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009) ("The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence").[2]

Third, Valentine's "Petition for Reconsideration" also requests the opportunity to provide supplemental matters bearing on the Court's prior Order denying his request for a sentence reduction under Amendment 821. Filing 179 at 6. Specifically, he claims that he "received an extra two points for being on parole" and that he therefore should have been deemed eligible for a sentence reduction. Filing 179 at 6. Valentine is incorrect because he remained ineligible for a sentence reduction given his continued status as a career offender (thereby placing him in Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b)) and the fact that the statutory mandatory

---

[2] In his "Petition for Reconsideration," Valentine also notes there are "glaring disparities between [him] and . . . his co-conspirator." Filing 179 at 5. The co-defendant's record establishes circumstances that plainly and materially distinguish him from Valentine.

minimum sentence was imposed. *See* Filing 33 at 21; Filing 177 at 1. Valentine is therefore entitled to no relief on this basis either.

Fourth and finally, Valentine also requests in the alternative that his "Petition for Reconsideration," serve as his "notice of Appeal as established in Appellate Rule 3 and 4" and that he be permitted to appeal *in forma pauperis*. Filing 179 at 1. The Court will not do so because his submission is untimely. *See United States v. Mofle*, 989 F.3d 646, 648 (8th Cir. 2021) ("Even though Rule 4(b) [of the Federal Rules of Appellate Procedure] does not address motions for reconsideration explicitly, courts have treated the deadline to file an appeal as the deadline to file a motion for reconsideration, and the Eighth Circuit is no exception[.]) (internal citations omitted). "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A); *see also United States v. Douglas*, No. 8:17CR372, 2023 WL 6445802, at *1 (D. Neb. Oct. 3, 2023) (applying Fed. R. App. P. 4(b)(1)(A) to an untimely notice of appeal of an order denying compassionate release). "A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket." Fed. R. App. P. 4(b)(6).

The Court's original Order in this matter was entered on the criminal docket on April 5, 2024. Filing 178. Valentine purportedly signed his filing on April 29, 2024, and the envelope it arrived in indicates that the submission was mailed on May 1, 2024. *See* Filing 179 at 6, 13. Either way, the 14-day deadline had already passed, and the Court does not find there is good cause or excusable neglect that would permit its late filing. *See* Fed. R. App. P. 4(b)(4). Therefore, the untimely nature of Valentine's most recent submission not only serves as an independent basis to deny his request for reconsideration, it also serves as a basis to deny his alternative request to treat

his submission as a notice of appeal. *See Mofle*, 989 F.3d at 648 ("permitting motions for reconsideration that would be untimely if they were notices of appeal would allow litigants to circumvent the deadline to file an appeal: having missed the deadline following the order or judgment that they wish to appeal, they could simply file a motion for reconsideration and appeal the district court's denial of that motion); *see also United States v. Vicaria*, 963 F.2d 1412, 1414 (11th Cir. 1992) (per curiam) ("A motion for reconsideration in a criminal case must be filed within the period of time allotted for filing a notice of appeal in order to extend the time for filing the notice of appeal").

For the forgoing reasons, the Court concludes that Valentine is not entitled to any of the relief he seeks in his various filings. Accordingly,

IT IS ORDERED: The relief Valentine seeks in his "Petition for Reconsideration," Filing 179, is denied.

Dated this 5th day of June, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge