IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JONATHAN A. VALENTINE,

Defendant.

8:18-CR-102

**ORDER DENYING DEFENDANT'S
MOTION**

This matter is before the Court on defendant Jonathan A. Valentine's *pro se* motion asking the Court to "look into" matters related to his 2018 conviction for Hobbs Act robbery. Filing 181. The defendant states that he received a six-level sentencing enhancement "for a weapon that I never had, plus what was said to be a dangerous weapon was a toy gun, and <u>NOT</u> an instrument capable of inflicting death, or serious bodily injury." Filing 181 at 1. The defendant also asks the Court to "note that this charge don't met [sic] 4B1.1(a)(2) Career Offender Provision because there was <u>NO</u> violence at the time of the robbery[,] and therefore any and all enhancements along with career offender status would come off with the New Beautiful Bill that was pass[ed] Nov 1, 2025." Filing 181 at 1. The defendant explains that "the part that was passed about enhancements without a weapon or any serious bodily injury apply [sic] to me." Filing 181 at 1. It is not at all clear what relief the defendant seeks in his motion, and the motion is properly denied without prejudice on that ground alone. To the extent the defendant seeks a reduction of his sentence, the motion is also denied.

1

The Court's authority to modify a sentence is limited. *See Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." (alterations in original) (quoting 18 U.S.C. § 3582(b))). Under 18 U.S.C. § 3582(c), the Court may modify a term of imprisonment after it has been imposed if there are "extraordinary and compelling reasons" warranting a sentence reduction or if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 944(o)." 18 U.S.C. § 3582(c)(1)(A), (c)(2). In either case, the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and a sentence reduction under 18 U.S.C. § 3582(c)(2) should only be considered "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A), (c)(2). The defendant has not sought compassionate release under 18 U.S.C. § 3582(c)(1)(A) here, and he also has not identified any legal basis for a sentence reduction under 18 U.S.C. § 3582(c)(2).[1] In any event, the Court has considered the applicable 18 U.S.C. § 3553(a) factors and finds that they do not weigh in favor of a sentence reduction. The defendant has an extensive criminal history, represented by his Criminal History Category of VI, and the offense in this case occurred while the defendant was on supervised release for a federal felony offense, demonstrating that the defendant was not previously adequately

---

[1] The defendant refers to "the New Beautiful Bill that was pass[ed] Nov 1, 2025," Filing 181 at 1, which the Court assumes is a reference to the One Big Beautiful Bill Act, Pub. L. No. 119-21. However, that Act was promulgated on July 4, 2025, not November 1, and it is not a basis for reduction contemplated by 18 U.S.C. § 3582(c)(2). The United States Sentencing Commission published amendments to the Guidelines Manual on November 1, 2025, and one or more of those amendments could potentially support a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) assuming the amendment is "consistent with applicable policy statements issued by the Sentencing Commission," including the policy statement in U.S.S.G. § 1B1.10(a)(2)(A). However, the defendant has not identified an amendment to the Guidelines that he believes supports a sentence reduction.

2

deterred from criminal conduct. The defendant's Rule 11(c)(1)(C) sentence of 120 months—31 months below the low-end of his guideline range—reflects the seriousness of the offense and is necessary to promote respect for the law, provide just punishment for the offense, and protect the public from further crimes of the defendant, among other things. Accordingly, the defendant's motion is denied to the extent it seeks a sentence reduction.

Separate from his motion which the Court has addressed above, the defendant has also filed a letter asking for the "criminal record" to be "correct[ed]." Filing 182. The defendant states that he "was never charge[d] with any sexual assault"; he was charged instead "with assault and batt [sic] nothing sexual." Filing 182 at 1. The Court has reviewed the defendant's Revised Presentence Investigation Report (PSR), Filing 33, and presumes the defendant is referring to his prior conviction in Douglas County District Court case number CR09-33826 for Assault and Battery, which the PSR indicates was originally charged as Sexual Assault Without Consent-Third Degree. Filing 33 at 19–20 (Paragraph 76). The Court also bases this assumption on the copy of the defendant's Douglas County Record that the defendant has attached to his letter and that contains a note from an attorney at the Douglas County Public Defender's Office stating that the defendant was "originally charged with an assault 3rd, but the charge was reduced to an assault & battery." *See* Filing 182 at 2–8.

To the extent the defendant's letter is a motion to amend his PSR, the motion is denied. The Federal Rules of Criminal Procedure provide defendants with avenues for objecting to their PSRs and for seeking corrections of clerical errors or arithmetical, technical, or other errors. *See* Fed. R. Crim. P. 32(f), (i) (outlining the procedure for objecting to a PSR); Fed. R. Crim. P. 36 (providing that a court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission"); Fed. R. Crim. P. 35(a) (establishing that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted

from arithmetical, technical, or other clear error"). The defendant has not sought relief under any of these rules, nor has he pointed to a rule or statute that would allow the Court to amend his PSR more than 7 years after he was sentenced. *See United States v. Franco*, No. 8:21-CR-159, 2023 WL 2914394, at *1 (D. Neb. April 12, 2023) ("A party requesting amendment to the PSR must point to a statute or rule 'which give[s] the district court jurisdiction to consider the challenge.'" (quoting *United States v. Warner*, 23 F.3d 287, 290 (10th Cir. 1994))). The defendant had an opportunity to object to his PSR prior to his sentencing hearing and he did object, just not on the grounds cited in his letter. *See* Filing 32. Accordingly,

IT IS ORDERED that the defendant's *pro se* motion, Filing 181, is denied. To the extent the defendant's letter, Filing 182, is construed as a motion to amend his Presentence Investigation Report, that motion is also denied.

Dated this 12th day of March, 2026.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge